# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs July 10, 2012

## STATE OF TENNESSEE v. RICHARD HANKE, SR.

**Appeal from the Circuit Court for Madison County**
**No. 08302      Donald H. Allen, Judge**

---

**No. W2011-01830-CCA-R3-CD  - Filed September 27, 2012**

---

The Defendant-Appellant, Richard Hanke, Sr., entered a plea of guilty in the Madison County Circuit Court to robbery (count one), aggravated burglary (count two), aggravated assault (count three), and two counts of kidnapping (counts four and five), all Class C felonies.  He additionally pleaded guilty to retaliation for past action (count six) and possession of a weapon with intent to employ in offense (count seven), both Class E felonies.  The trial court imposed a term of six years' confinement for the robbery, aggravated burglary, aggravated assault, and each kidnapping.  It further imposed a sentence of two years for possession of a weapon with intent to employ in offense and retaliation for past action.  The trial court ordered the concurrent term of six years' confinement in counts one, two, and four to be served consecutively to the concurrent term of six years' confinement imposed in counts three, five, and seven.  Count six was ordered to be served consecutively to all other counts, for an effective sentence of fourteen years in the Tennessee Department of Correction.  The sole issue presented for our review is whether the trial court erred in ordering partially consecutive sentencing.  Finding no abuse of discretion, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

David Camp, Jackson, Tennessee (at guilty plea and sentence); George Morton Google, District Public Defender; Gregory D. Gookin, Assistant Public Defender, (on appeal) Jackson, Tennessee, for the Defendant-Appellant, Richard Hanke, Sr.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The facts of this case were summarized by this Court in the Appellant's appeal from the denial of post-conviction relief. Richard T. Hanke, Sr. v. State, No. W2009-02659-CCA-R3-PC, 2011 WL 2476031 (June 22, 2011) (reversing and granting Hanke a delayed appeal). Therein we stated:

> Based on the stipulated facts at the guilty plea hearing, the petitioner and his son were involved in a home invasion burglary in Madison County, Tennessee. There were three victims at the residence during the burglary, one of whom was able to escape and notify the police. The petitioner, armed with a baseball bat, and his son, armed with a shotgun, demanded money and drugs from the victims. One of the victims was struck in the back of his head and on his neck with the baseball bat. The petitioner and his son gathered items from the residence, and tied up the victims with black zip ties. The petitioner and his son were apprehended as they were leaving the residence. They later provided law enforcement with statements admitting their involvement in the offenses.

Id. at *1.[1] Appellant's guilty plea for retaliation for past action was based upon a threat made by the Appellant to an officer when the Appellant was taken into custody. The Appellant stated, "I'll take care of you. You'll see me again. . . . If you take off these handcuffs, I'll kick your ass." All of the above offenses occurred on November 20, 2007.

At the sentencing hearing, neither party offered any specific mitigating or enhancement factors for the court's consideration. Counsel presented arguments, and the State offered the Appellant's pre-sentence report into evidence, which showed the Appellant with a criminal history consisting of two misdemeanor domestic violence assaults and a traffic offense for speeding. The Appellant also testified, accepted responsibility for the offense, and requested leniency for his son.

After taking a recess, the court stated that it had reviewed the pre-sentence report "in great detail" and considered "the evidence that was presented at the time of the guilty plea, . . . . the Principles of Sentencing involved in this case and also the nature and characteristics of the criminal conduct involved." The court read aloud the Appellant's statement to police. The court concluded, "Obviously this is a very, very serious case . . . . [O]nce they broke into the residence by force, they did assault Mr. Cox and also did tie up and kidnap or at least detained these to individuals . . . . The Court will consider this very serious violent criminal

---

[1]The Appellant's son and co-defendant is not a party to this appeal.

conduct." The court found no mitigating factors and applied three enhancement factors to the Appellant's sentence: (1) that the Appellant was the "leader in the commission of these offenses involving two or more criminal actors;" (2) the crimes "involved more than one victim;" and (3) he "possessed or employed a firearm or other deadly weapon during the commission of the offenses."

In addition, the court found the Appellant's criminal history to be extensive. In imposing consecutive sentences, the court stated the following:

> The Court also finds that consecutive sentencing in [the Appellant's] case is also appropriate as well. The reason being the Court finds that [the Appellant] is an offender whose record of criminal activity is extensive. When I say criminal activity, I'm talking about primarily the charges for which he has pled guilty here today. Mr. Hanke, Sr. has accepted responsibility and pled guilty to seven separate felony convictions involving two different victims. We are talking about two people that were sitting in their residence, minding their own business and the next thing they know, there is somebody trying to break in a window and enter into their residence. He comes in wearing ski masks and carrying a shotgun and a baseball bat; assaults both of the individuals and placed both individuals in fear. Steals money, drugs, cell phones, different items were taken and then Mr. Hanke decides he'll tie them both up before he leaves. This is a very extensive history of criminal activity. So the Court finds in his case that the following counts, Counts 1, 2, and 4 which involve the victim Ms. Bowen, those sentences of six years will all run concurrently; however, those sentences will run consecutive to the sentences on Counts 3 and 5 and 7. Those are the counts involving the victim Mr. Cox. Now, also the Court finds–so that would be a total effective sentence of twelve years on those counts. Also the Court finds that the two year sentence for Retaliation for Past Action, . . . would be appropriate to run . . . consecutive to these six year sentences.

The trial court sentenced the Appellant as a Range I, standard offender to the maximum sentence for each offense and imposed an effective fourteen-year sentence. The Appellant did not file an appeal following sentencing but sought a delayed appeal through a post-conviction petition. This Court granted a delayed appeal in Richard T. Hanke, Sr. v. State, 2011 WL 2476031, and on August 11, 2011, the Appellant timely filed a notice of appeal.

**ANALYSIS**

The Appellant contends that the trial court erred in finding he had "an extensive record of criminal activity" under Tennessee Code Annotated Section 40-35-115(b)(2)(2006). He argues that a "total effective sentence of six years, with all counts to be served concurrently, would fulfill the goals of sentencing and would not depreciate the seriousness of Appellant's criminal conduct." The State responds that the trial court properly ordered partial consecutive sentences.

On appeal, we must review issues regarding the length and manner of service of a sentence de novo with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2006). Nevertheless, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant has the burden of showing the impropriety of the sentence. Sentencing Comm'n Comments, T.C.A. § 40-35-401(d) (2006). If the trial court followed the statutory sentencing procedure, made adequate findings of fact that are supported by the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the sentencing act, this court may not disturb the sentence even if a different result was preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App.1991). In conducting our de novo review, this court must consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b) (2006); State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our review of the record reflects that the trial court followed the appropriate procedures in

sentencing. The Appellant does not challenge any applied enhancement factors or omitted mitigating factors, nor are any apparent. Accordingly, because the trial court properly considered the purposes and principles of the sentencing act pursuant to sections 40-35-102 and -103 and all relevant facts and circumstances, our review will be de novo with a presumption of correctness.

This court will not disturb the trial court's determination of concurrent or consecutive sentences absent an abuse of discretion. State v. Blouvet, 965 S.W.2d 489, 495 (Tenn. Crim. App.1997). Where a defendant is convicted of one or more offenses, the trial court has discretion to decide whether the sentences shall be served concurrently or consecutively. T.C.A. § 40-35-115(a) (2006). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of the seven categories in section 40-35-115(b) (2006). An order of consecutive sentencing must be "justly deserved in relation to the seriousness of the offense." T.C.A. § 40-35-102(1) (2006). In addition, the length of a consecutive sentence must be "no greater than that deserved for the offense committed." T.C.A. § 40-35-103(2) (2006).

In this case, the trial court ordered consecutive sentencing based upon the Appellant's "extensive criminal history" under Tennessee Code Annotated Section 40-35-115(b)(2). This court has held that "[e]xtensive criminal history alone will support consecutive sentencing." State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997) (citing State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994)). The record shows that the Appellant had two prior domestic violence assault convictions and a speeding violation. In addition, the trial court imposed consecutive sentencing based "primarily [upon] the charges for which [the Appellant] has pled guilty here today." It further concluded, based upon "seven separate felony convictions involving two different victims" that consecutive sentencing was appropriate.

We conclude that the trial court properly imposed consecutive sentences in this case. The Appellant does not challenge the length of each individual sentence imposed by the trial court or his range of punishment. He acknowledges that "he pled guilty to seven felony offenses" but argues "his actions do not merit a finding . . . of an extensive record of criminal activity." Because the "crimes [considered by the court] occurred in a relatively short period of time on one day[,]" he claims consecutive sentencing was improper. However, this argument has been rejected by the Tennessee Supreme Court. See Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976) ("We reject petitioner's argument that in determining whether to sentence a defendant to consecutive sentences, the trial judge is required to take into consideration the fact that all of the offenses arose out of one single criminal episode or were inspired by the same general intent and minutely limited in both time and space."). Further, this Court has repeatedly held that "[c]urrent offenses may be used in determining criminal

history for the purposes of consecutive sentencing." State v. Brian Lee Cable, E2005-00608-CCA-R3-CD, 2006 WL 1381484, at *8 (Tenn. Crim. App. May 19, 2006) (citing State v. Cummings, 868 S.W.2d 661, 663 (Tenn. Crim. App.1992) (affirming consecutive sentencing wherein defendant had no prior criminal record but pled guilty to eight offenses); accord State v. Mark Robert Carter, No. M2007-02706, 2009 WL 1349206, at *10 (Tenn. Crim. App. May 14, 2009) ("While a trial court may only use a defendant's prior criminal history to enhance the length of an individual sentence, the trial court may use current offenses to justify the imposition of consecutive sentences based upon the criminal history."); State v. Bennet, No. M2002-01215-CCA-R3-CD, 2003 WL 1562090, at *3 (Tenn. Crim. App. Mar. 26, 2003) (affirming consecutive sentencing wherein defendant with prior criminal record of one conviction for driving on a suspended license and one for assault pleaded guilty to eighteen felony offenses); State v. Ingram, No. W2002-00936-CCA-R3-CD, 2003 WL 721704, at *3 (Tenn. Crim. App. Feb. 26, 2003) ("A court may consider the offenses for which a defendant is being sentenced in determining whether the defendant has an extensive record of criminal activity.").

Based on the above authority, we conclude that the trial court did not err in ordering the Appellant to serve his sentences consecutively. Appellant has failed to show the impropriety of his sentence. See T.C.A. § 40-35-401(d), Sentencing Comm'n Comments. Accordingly, he is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE